# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 707 | **DATE** | 4/12/2011 |
| **CASE TITLE** | Jacobson vs. Marino | | |

**DOCKET ENTRY TEXT**

Debtor-appellant Jacobson appeals the bankruptcy court's ruling that a $52,387.03 state court judgment entered against him constituted non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(4). Pursuant to its authority under 28 U.S.C. § 158(a)(1), the Court considers the appeal and affirms the judgment of the bankruptcy court.

■ [ For further details see text below.]  Docketing to mail notices

## STATEMENT

     Debtor-Appellant Jeffrey Jacobson ("Jacobson") appeals a ruling issued on January 7, 2011 by the U.S. Bankruptcy Court for the Northern District of Illinois. For the following reasons, the Court affirms the bankruptcy court's ruling.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

# BACKGROUND

Jeffrey Jacobson is an attorney and former member of the law firm of Brunswick, Keefe & Jacobson LLC ("the Firm"). On December 7, 2001, the estate of Elinor Johnson ("Estate") retained the Firm to act as its agent with regard to certain of the Estate's assets and bank accounts. The relationship between the Estate and the Firm went sour when the Estate discovered $218,000.00 that it believed the Firm had misappropriated between January 2002 and March 2006. The Estate sued the Firm in the Circuit Court of Cook County. In connection with that lawsuit, on or about April 26, 2007, the Estate served Jacobson with a citation to recover assets wrongfully appropriated while Jacobson was a member of the Firm.[1] On November 30, 2009, following a trial on the citation to recover assets, the presiding judge found that the Firm unlawfully deposited five checks drawn on the Estate's bank account to its own bank account during the time period that Jacobson was a member of the Firm. The court entered judgment against Jacobson in the amount of $52,387.03. As part of its judgment, the court made the following findings:

> [E]ach of the aforementioned checks was deposited into the firm's account with the intent to defraud the Estate while Respondent Jacobson was acting in a fiduciary capacity, and [] the deposit of each of the aforementioned checks into the firm's account constituted either embezzlement or larceny or a defalcation while Respondent Jacobson was acting in a fiduciary capacity.

(R. 1-3, Record on Appeal ("ROA") at 21-23, 11/30/2009 Order of the Hon. Susan Coleman, ¶ 9.) Jacobson filed a motion to reconsider, which the court denied on January 22, 2010, "finding that the Order of November 30, 2009 is based upon the evidence presented at trial and no errors in the approach or the law as applied by the court. This is a final order and there is no just cause for delay of enforcement of the Order." (ROA at 32, 1/22/10 Order on Jacobson's Mot. to Reconsider.)

On February 18, 2010, Jacobson filed a voluntary Chapter 7 bankruptcy petition ("Petition") in the U.S. Bankruptcy Court for the Northern District of Illinois. In his Petition, Jacobson listed the $52,387.03 state court judgment on his Bankruptcy Schedule F as an unsecured non-priority claim. The Estate's administrator, Herman Marino, filed an adversary complaint in bankruptcy court on June 4, 2010 opposing that designation and arguing that the state court judgment was non-dischargeable debt under 11 U.S.C. § 523(a)(4), which prohibits individual debtors from discharging "any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Estate contended that under the collateral estoppel doctrine, the state court's specific findings that "the deposit of ... the checks into the firm's account constituted either embezzlement or larceny or a defalcation while Respondent Jacobson was acting in a fiduciary capacity" required such a conclusion. The Estate filed a motion for summary judgment on the basis of collateral estoppel, which the bankruptcy court denied without prejudice for, *inter alia*, timeliness reasons. (R. 21-3, 10/22/2010 Transcript of Proceedings, 4:22-5:25; R.21-4, 1/7/2011 Trial Transcript, 13:24-25.) The case proceeded to trial, with the Estate electronically filing its motions *in limine* on December 31, 2010 in compliance with the court's final pretrial order. Although Jacobson filed written objections to certain of the Estate's proposed trial exhibits, he did not file any objections to the Estate's motions *in limine*. (ROA at 1-15, Bankruptcy Court Docket.) On January 7, 2011 the case proceeded to trial and the bankruptcy court heard oral argument on the Estate's motions *in limine*. At the conclusion of those arguments, and relevant to this appeal, the court granted the Estate's motion *in limine* #1 to bar all defense witnesses and exhibits on the basis of collateral estoppel. In accordance with that ruling, the bankruptcy court entered final judgment in favor of the Estate and against Jacobson, finding that the $52,378.03 state court

---

[1] Jacobson left the firm prior to March 2006. Although the parties disputed the exact date of his departure during the citation proceeding, that court found that Jacobson officially separated from the firm on August 9, 2002.

judgment constituted non-dischargeable debt under § 523(a)(4).

Jacobson filed a timely notice of appeal of the bankruptcy court's ruling on February 1, 2011. Pursuant to Federal Rule of Bankruptcy Procedure 8009(a), Jacobson was to file his opening brief by February 15, 2011. On February 16, 2011, Jacobson filed a motion for additional time to file his brief, which the Court granted. In accordance with that ruling, Jacobson was to file his opening brief by no later than March 3, 2011. On March 4, 2011, Jacobson filed a motion for leave to file his opening brief instanter. The Court granted Jacobson's motion.

## LEGAL STANDARD

The bankruptcy court's decision on the dischargeability of a debt is a final judgment for purposes of appellate jurisdiction. *In re Marchiando*, 13 F.3d 1111, 1113–14 (7th Cir. 1994). The Court has jurisdiction to review final bankruptcy court decisions. 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. 8001 and 8002. The Court reviews the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *In re Berman*, 629 F.3d 761, 766 (7th Cir. 2011); *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010). "If the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, we will not reverse its factual findings even if we would have weighed the evidence differently." *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008). In addition, the Court reviews evidentiary rulings made over a defendant's objections for abuse of discretion. *United States v. Avila*, 557 F.3d 809, 819 (7th Cir. 2009).

## ANALYSIS

Although Jacobson makes several arguments on appeal, most of them do not provide a basis upon which the Court may reverse or remand the bankruptcy court's order.[2] Jacobson first argues that the bankruptcy court's ruling to grant the Estate's motion *in limine* #1 was erroneous and requires reversal on the grounds that (1) the Estate provided defective notice when it filed its motion *in limine*, (2) motions *in limine* are prohibited in bench trials, and (3) he had inadequate time to research and respond to the motion. Each of these arguments fails.

First, although the Estate did not file the appropriate certificate of service when it filed its motions *in limine*, the bankruptcy court permitted the Estate to correct the technical deficiency by filing an amended certificate of service. *See* R. 21-4, 1/7/2011 Transcript of Proceedings, at 11:1-18. Jacobson suffered no prejudice from this technical deficiency because, as he informed the bankruptcy court at the hearing, he received a copy of the motions *in limine*, *see id*. at 11:4-6, and furthermore, he was aware of the bankruptcy court's final pretrial order which set the dates by which the parties were to file their pretrial motions. He could have accessed the docket at any point after that date to review the Estate's filings – and, indeed, he did. *See* ROA at 9, 1/3/2011 Dkt. No. 94. Second, Jacobson's bare contention that motions *in limine* are not allowed except in jury trials is erroneous. Although motions *in limine* may be less important in bench trials, *see, e.g., Barna v. United States*, 183 F.R.D. 235, 239 (N.D. Ill. 1998), no categorical bar exists to prohibit their submission at bench trials. Finally, Jacobson argues that he had no time to research and draft a brief on collateral estoppel. Jacobson did not, however, ask the bankruptcy court for additional time to research and brief the issue. Furthermore, Jacobson was on notice that the Estate would raise the issue of collateral estoppel – first, because the Estate filed a motion for

---

[2] Jacobson makes several statements in his brief regarding his inexperience in litigating bankruptcy cases. Even pro se litigants, however, must include legal argument and cite supporting authority in their briefs. *See Mojica v. Southwest Airlines Co.*, 210 F.3d 375 (7th Cir. 2000); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998); *United States ex rel. Verdone v. Circuit Court*, 73 F.3d 669, 673 (7th Cir. 1995). Jacobson's failure to do so means that he has waived appellate review of some of his claims, as discussed further below.

summary judgment on that basis in October 2010, and second, because the Estate filed its motion *in limine* one week before the trial date, in compliance with the bankruptcy court's final pretrial order. Jacobson had sufficient notice of the Estate's argument. Had Jacobson desired more time to research and brief the issue, he should have asked the bankruptcy court for relief. Having failed to do so, the Court finds that Jacobson waived his right to appeal on this basis.

Jacobson next argues that the bankruptcy court erred in finding that collateral estoppel was dispositive in his case. Although his argument meanders, Jacobson seems to be attempting to re-litigate the state court's findings. *See* R. 16, Appellant's Brief at 7 ("Mr. Jacobson should prevail on the state court's appeal. However, even if Mr. Jacobson could not prevail, ... the Order against Mr. Jacobson was void."). Based on the Court's review of the record on appeal – including the bankruptcy court's lengthy and thorough oral ruling, in which it made specific findings of fact based on the documentary evidence before it, including the state court record – the Court does not find that the bankruptcy court abused its discretion. *Avila*, 557 F.3d at 819. Jacobson's argument thus fails.

Collateral estoppel is a judge-made doctrine that serves the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (citation omitted). The Supreme Court has held that collateral estoppel principles apply in proceedings seeking to bar bankruptcy discharge under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). Four elements must be met for collateral estoppel to apply: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994) (quoting *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 906 (7th Cir. 1990)).[3] The bankruptcy court correctly stated this standard in its analysis, *see* 1/7/2011 Transcript of Proceedings, 18:24-20:16, and found that each of those elements was met in this case.

Jacobson challenges the bankruptcy court's findings on two of these elements. First, Jacobson suggests, without citation to case law, that the state court order does not constitute a final judgment for purposes of collateral estoppel. Jacobson did not, however, object to the state court order. A judgment or order is final "if it disposes of the rights of the parties, either on the entire case or on a separate part thereof.." *Long v. Elborno*, 397 Ill.App.3d 982, 337 Ill.Dec. 432, 922 N.E.2d 555, 563 (2010). Put another way, a judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *Flores v. Dugan*, 91 Ill.2d 108, 61 Ill.Dec. 783, 435 N.E.2d 480, 482 (1982); *In re M.M.*, 337 Ill.App.3d 764, 272 Ill.Dec. 115, 786 N.E.2d 654, 659-60 (2003). The bankruptcy court correctly concluded that the state court order was a final judgment for purposes of collateral estoppel.[4] Second, Jacobson contends the state court did not take into account the appropriate considerations during the litigation of the action. The lone case Jacobson relies on for this premise, however, implicates a section of the bankruptcy code which is not at issue in this case and is inapposite. *See Ryan v. Ryan*, 408 B.R. 143 (Bankr. N.D. Ill. 2009). To establish that a debt is non-dischargeable under 11 U.S.C. § 523(a)(4), a creditor must show (1) that the debtor acted as a

---

[3] The elements are identical under Illinois law. *See LaSalle Bank Nat. Assoc. v. Vill. of Bull Valley*, 355 Ill.App.3d 629, 292 Ill.Dec. 308, 826 N.E.2d 449, 455-56 (2005).

[4] Jacobson untimely appealed the state court order. On March 16, 2011, the Illinois Court of Appeals dismissed Jacobson's state court appeal with prejudice. *See* R. 30-1, 3/16/2011 Order.

fiduciary to the creditor at the time the debt was created, and (2) that the debt was caused by fraud or defalcation. *In re Berman*, 629 F.3d at 766 (citing *In re Frain*, 230 F.3d 1014, 1019 (7th Cir. 2000); *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987)). The state court and the bankruptcy court each found that the evidence supported a finding in favor of the Estate, and upon careful consideration of the evidence submitted to the Court on appeal, the Court cannot conclude that those findings were clear error. *In re Berman*, 629 F.3d at 766. Jacobson's attempt to add an additional element to the courts' inquiry has no basis in the law and thus fails.

Finally, Jacobson makes a second argument that the bankruptcy court violated his due process by, he alleges, not providing him enough time in which to respond the Estate's motion *in limine* regarding collateral estoppel. Jacobson mischaracterizes the motion *in limine* as a motion for summary judgment, however, and erroneously cites the pleading schedule set forth in Federal Rule of Civil Procedure 56 (albeit incorrectly). The Estate's motion was *in limine*. It is true that the motion *in limine* reiterated much of the argument that it included in its previously-filed motion for summary judgment. Nevertheless, the Estate's motion was *in limine*, and the bankruptcy court heard it as such. No violation of Rule 56 occurred.

## CONCLUSION

For the reasons discussed above, the Court affirms the bankruptcy court's ruling.